**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PHILLIP R. SEAVER TITLE CO., INC.,

       Plaintiff,

v.                                            Case No. 08-CV-11004

GREAT AMERICAN INSURANCE CO.,

       Defendants.

                                                /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR A NEW TRIAL AND AMENDING JUDGMENT**

Pending before the court is Defendant Great American Insurance Co.'s "Motion

for New Trial and/or Rehearing."  Plaintiff Phillip R. Seaver Title Co., Inc. has filed a

response and Defendant has filed a reply.  For the reasons below, the court will grant in

part and deny in part Defendant's motion, and amend the court's previous judgment.

**I.  BACKGROUND**

After cross-motions for summary judgment, the court ruled for Plaintiff in its

September 30, 2008 order.  (9/30/08 Order.)  Specifically, the court found an insurance

policy existed between the parties that explicitly provided coverage for the type of loss

Plaintiff incurred, and that no contractual exception applied to reduce the coverage.  (*Id.*

at 11.)  In so finding, the court granted Plaintiff's request for $376,892.29, (9/30/08

Judgment), but denied Plaintiff's request for penalty interest under Michigan law.

(9/30/08 Order at 11-12.)  Defendant now argues that the court's reasoning did not

follow established case law and that Defendant is entitled to summary judgment.  (Def.'s

Mot. at 1.)  In the alternative, Defendant argues that it has already paid Plaintiff

$13,630.53, that the policy at issue has a deductible of $25,000, and thus the court's previous judgment should be reduced to $338,261.76. (*Id.* at 11.) In response, Plaintiff argues that all the arguments presented by Defendant's motion were previously considered and rejected by the court. (Pl.'s Resp. at 3.) Plaintiff does, however, concede that Defendant is entitled to credits for amounts already paid and the deductible in the policy, reducing the judgment to $338,261.76. (*Id.* at 7.)

## II. STANDARD

When a matter is resolved through summary judgment, no trial has taken place, and thus a motion for a new trial is properly construed as a motion to amend a judgment, pursuant to Federal Rule of Civil Procedure 59(e). *Cedar Lake, Ltd. v. Colpetzer*, No. 05-CV-00782, 2008 WL 4449264, *1 (N.D. Ohio Sept. 30, 2008); *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996) ("[Plaintiff's] reconsideration motion was styled as a motion for new trial, pursuant to Fed.R.Civ.P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment.").

A district court maintains discretion when deciding a motion to amend a judgment under Rule 59(e). *Northland Ins. Co. v. Stewart Title Guar. Co.,* 327 F.3d 448, 454-55 (6th Cir. 2003). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Additionally, Eastern District of Michigan Local Rule 7.1(b) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been

misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that presents "the same issues already ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

### III.  DISCUSSION

#### A.  Arguments for Reconsideration

With two exceptions – amending the amount of the judgment and the consideration of extrinsic evidence – Defendant's motion presents the same issue already ruled upon by the court. Indeed, in arguing for reconsideration on the central issues of a direct loss and Plaintiff's employee's manifest intent, Defendant cites the exact cases previously cited in their motion for summary judgment and responsive pleadings. Defendant presents these cases to argue that the court misconstrued or misapplied their holdings. (Def.'s Mot. at 2-3; 9-10.) The court considered these cases, among many others, and concluded that Defendant was largely over-generalizing the holdings of those cases to apply to the current facts. (9/30/08 Order at 7.) Arguing that the court's reasoning "does not follow established case law," (Def.'s Mot. at 2), or that the court did not consider facts which Defendant deems most important[1], (*Id.* at 10),

---

[1] Defendant continues to argue, as before, that the court should consider the pleadings filed in *Five Star Real Estate, LLC v. Kemper Casuaty Ins. Co.*, No. 258602, 2006 WL 1294238 (Mich. App. 2006). As this court noted, the *Five Star* court did not recite any facts from the pleadings to support its holding. (9/30/08 Order.) Considering

does not demonstrate a palpable defect.  Defendant's mere re-presentation of previously ruled upon arguments is insufficient for the court to grant a motion for reconsideration.  E.D. Mich. LR 7.1(g)(3).

Defendant makes much of this court's discussion of an email, from Defendant to Plaintiff, in the court's order granting summary judgment.  (Def.'s Mot. at 8-9.) Defendant argues that the email, which was included as part of Plaintiff's reply to Defendant's summary judgment motion, could not be considered by the court in resolving the motion.  (*Id.*)  The court agrees that "the district court should not consider [new evidence in a reply] without giving the non-movant an opportunity to respond." *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990).  It is not clear to the court, however, that Defendant was denied an attempt, in the time period between Plaintiff's reply and the court's ruling, to respond to the email evidence.  Regardless, the court's discussion of the email was only served to demonstrate that Plaintiff's position was seemingly congruent with Defendant's own words.  (9/30/08 Order at 8.)  The email, standing alone, is far from dispositive evidence on the meaning of the insurance policy. The court's analysis, firmly rooted in the plain meaning of the policy's terms and interpretative precedent, would remain unchanged even were the email evidence to be removed from the record.  As such, Defendant does not now show that "correcting the defect [would] result in a different disposition of the case,"  E.D. Mich. LR 7.1(g)(3), and therefore the extrinsic nature of the email does not warrant reconsideration.

---

the pleadings would not assist this court in divining the *Five Star* court's decision-making process, and as such the pleadings remain irrelevant.

## B. Failure to Give Credits

In resolving the cross-motions for summary judgment, the court relied upon Plaintiff's estimate of damages and awarded Plaintiff $376,892.29. (9/30/08 Judgment.) The parties now agree that this amount did not account for payments already made by Defendant and the policy's deductible of $25,000. (Def.'s Mot. at 11; Pl.'s Resp. at 5.) Therefore, the proper amount, applying the credits the parties agree are applicable, results in a judgment of $338,261.76.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's "Motion for New Trial And/Or Rehearing" [Dkt. # 27] is GRANTED IN PART. Specifically, it is granted to the extent that credits should be given for payments already made and the policy's deductible. Therefore, IT IS ORDERED that the court's September 30, 2008 Judgment [Dkt. # 26] IS AMENDED to reflect the proper judgment of $338,261.76.

IT IS FURTHER ORDERED that the remainder of Defendant's motion is DENIED.

An amended judgment will issue.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 17, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 17, 2008, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522
